CHARLES A. COYKENDALL AND OTHERS, AS COMMISSIONERS OF HIGHWAYS OF THE TOWN OF LIVONIA, *v.* ADELBERT W. DURKEE.

*Commissioners of highways — power of, to enjoin purpresture.*

The commissioners of highways of a town have no power to bring an action to enjoin the construction of a permanent obstruction in the highway.

MOTION for a new trial on a case and exceptions, after a judgment dismissing the complaint.

This action was brought to restrain the defendant, by injunction, from erecting a building in, and thus obstructing a highway in the town of Livonia, Livingston county, N. Y. The plaintiffs are highway commissioners of said town, and as such bring this action. The defendant was threatening, and had determined to erect a building in the highway known as Grove street, in said town. The plaintiffs thereupon immediately commenced this action. A temporary injunction was granted, which injunction is still in force. Issue was joined by the service of the defendants' answer, and the cause came on to be tried at the Livingston county Special Term on the 19th day of June, 1876, Justice JAMES C. SMITH presiding. At the opening of plaintiffs' case the defendant moved that the complaint be dismissed, upon the ground that the complaint did not state facts sufficient to constitute a cause of action, and that the plaintiffs as highway commissioners had no power or authority to bring or maintain this action. The court granted said motion and dismissed the complaint, and the plaintiffs excepted to said ruling and decision.

*D. W. Noyes* for the appellant. The only question involved in this case is, have highway commissioners power, under any circumstances, to maintain an action for an injunction to restrain the erection of a permanent obstruction in a public highway? The defendant threatened to create a public nuisance. (*Davis* v. *The Mayor, etc., of N. Y.*, 14 N. Y., 506, 524; *The People* v. *Kerr*, 27 id., 188, 193; *Hart* v. *Mayor of Albany, etc.*, 9 Wend., 571; *People* v. *Vanderbelt*, 38 Barb., 282; *People* v. *Cunningham*, 1 Den., 524; *Wetmore* v. *Tracy*, 14 Wend., 250.) An action will lie by the people to restrain and abate a nuisance upon a public highway or prevent injury to public property. (*The People* v. *Horton*, 64 N. Y., 610, 616; *The People* v. *Vanderbelt*, 38 Barb., 282, 287; *The People* v. *Kerr*, 27 N. Y., 188, 193.) Any unlawful interference with, or obstruction of, a public highway is a public nuisance, whose commission may be punished or prevented either at the suit of the public or of individuals who are damnified. (*The People* v. *Kerr et al.*, 27 N. Y., 188, 193; *The Attorney-General* v. *Cohoes Co.*, 6 Paige, 133, 135; Code of Procedure, § 219, sub. 1.) The statute gives the plaintiffs power to maintain the action. (Edmonds' R. S., vol. 2, pp. 494, 495, § 92; *Hill* v. *Bd. Suprs. of Livingston Co.*, 12

N. Y., 52; *Bartlett* v. *Crozier*, 17 Johns., 439, 449; Edm. R. S., vol. 1, p. 460, § 1.) It is a breach of duty in highway commissioners to allow a public highway to be devoted to a mere private use. (*Wendell* v. *Mayor, etc., of Troy*, 39 Barb., 329, 336.) The plaintiffs as commissioners of highways had power to bring this action at common law. (*Supr. of Galway* v. *Stinson*, 4 Hill, 136; *Overseers of Pittston* v. *Overseers of Plattsburgh*, 18 Johns., 407; *Todd* v. *Birdsall*, 1 Cow., 260, 261, and note *a.*) Among other remedies for an obstruction of a public highway, courts of equity will grant an injunction to prevent a threatened or attempted obstruction. (*The People* v. *Vanderbelt*, 38 Barb., 282, 287; *Attorney-General* v. *Johnson*, 2 Wils. Ch. 87; *Lane* v. *Newdigate*, 10 Ves., 192; *Davis* v. *Mayor of N. Y.*, 14 N. Y., 506, 526; *Corning* v. *Lowerre*, 6 Johns. Ch., 439; *Attorney-General* v. *Cohoes Co.*, 6 Paige, 133; Story's Eq., §§ 921, 922.) It is no defense to this action to say that the plaintiffs have a remedy against a public nuisance by indictment and to punish the offender. (Story's Eq., § 923, *et seq.; Attorney-General* v. *Cohoes Co.*, 9 Paige, 133.)

*C. W. Stanton* and *S. Hubbard*, for the respondent. The decision of the court was correct and should be sustained. (*Cornell & Clark* v. *The Butternuts and Oxford Tpke. Co.*, 25 Wend., 365; *Cornell & Clark* v. *The Town of Guilford*, 1 Den., 510; *Shipley and others* v. *The T. and B. R. R. Co.*, 9 How., 83.)

MULLIN, P. J.:

I entertain no doubt but that there are cases in which an injunction will issue to prevent a purpresture in a public highway. It is so laid down in 2 Story's Equity Jurisprudence (section 922), and in sundry cases cited by him, and in Angel on Highways (sections 280 to 283). The difficult question is, who can maintain the action?

The statutes relating to laying out and repairing highways clothes the commissioners of highways with all the powers that are necessary to enable them to perform all the duties that are imposed upon them, and should a case arise in which their powers are not adequate to a proper and efficient protection of the public rights, it is possible that the attorney-general might proceed in equity. In cities where the fee of the land over which a highway is laid

out, the corporation will obtain relief in equity when it would not be given to a party having no interest in the land, except naked easement or right of passage. (Angel on Highways, § 282.)

The court below was correct in holding that plaintiff could not maintain the action, and the judgment must be affirmed with costs.

Present — MULLIN, P. J., and TALCOTT, J.; SMITH, J., not sitting.

Judgment affirmed with costs.